UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DONOVAN TAN,                                       DKT#: 16-cv-0028 (NG)(SMG)

                          Plaintiff,              **FIRST AMENDED COMPLAINT**

        - against -

CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and
Sergeant Albert Cabello (Shield 2759),
Police Officer Mario Mazier (Shield 11929),
Police Officer Lucas Wong (Shield 10838),
Police Officer Nicholas Podaras (Shield 7946),
Sergeant Timothy Magliente (Shield 4087),

                          Defendants.
-----------------------------------------------------------x

        Plaintiff, DONOVAN TAN, by his attorneys, Sophia Solovyova and James Meyerson,

complaining of the defendants, respectfully sets forth and alleges that:

<u>INTRODUCTION</u>

  1.  Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees

pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under the

said statutes and the Constitutions of the United States.

<u>JURISDICTION</u>

  2.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and

1343 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, in conjunction with

the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws.

  3.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory

Judgment Act, 28 U.S.C. Sections 2201, <u>et seq.</u>, this being an action in which the Plaintiff seeks, in

addition to monetary damages, whatever other relief is needed to provide full and complete justice

including, if appropriate, declaratory and injunctive relief.

4.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States.

## VENUE

5.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that Plaintiff resides within this District as well as the fact that this is the District in which the claim arose.

## JURY DEMAND

6.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.  Plaintiff, DONOVAN TAN, is a citizen of the United States, and at all relevant times resident of the City and State of New York.

8.  Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

9.  The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10. That at all times hereinafter mentioned, the individually named defendants, Sergeant Cabello, Police Officers Mazier, Wong, Podaras, and Magliente were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

11. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws,

regulations, statutes, usages and/or practices of the State of New York and the City of New York.

12. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

## FACTUAL ALLEGATIONS

13. On or about June 18, 2014, at about 12:30AM, Plaintiff DONOVAN TAN, was sitting on a bench outside his home at 791 Manor Road, Staten Island, N.Y. 10314, located inside Todt Hill Houses of NYCHA Housing development.

14. On information and belief, there was no curfew sign prohibiting presence after a certain hour.  Plaintiff was not breaking any law or ordinance.  It was a warm summer evening, and several Todt Hill Houses residents were socializing on the street in close proximity to Plaintiff.

15.  A police van containing Defendants Sergeant Cabello, Police Officers Mazier, Wong, Podaras, and Magliente pulled up and stopped near Plaintiff's bench.

16. Defendants exited the van and approached Plaintiff.

17. Although the officers knew Donovan was from prior encounters, defendants asked Plaintiff to produce identification.

18. When Plaintiff responded that his wallet with identification was left at home, Defendants placed handcuffs on him and led him to the van. Defendants refused to explain what they were arresting Plaintiff for.

19. While Plaintiff was handcuffed, Defendants assaulted Plaintiff by putting him in a headlock and slamming him on the pavement causing lacerations to his body and face.

20. Plaintiff's handcuffs were placed very tightly and Plaintiff experienced excruciating pain in his wrists. Plaintiff asked the officers to loosen the handcuffs, but the officers refused to do so.

21. At no time was Plaintiff breaking any law or resisting arrest.

22. Defendants brought Plaintiff to the 122nd Police Precinct and charged him with NYPL Section 240.20 (disorderly conduct), Section 205.30 (resisting arrest), and Section 195.05 (obstructing government administration in the second degree).

23. Plaintiff spent the night in jail and appeared before the judge in the morning of June 18, 2014.

24. Plaintiff's case was adjourned in contemplation of dismissal under NYPL Section 170.55.

25. On or about December 17, 2014, Plaintiff's charges were dismissed.

26. Plaintiff's arrest, detention and prosecution by defendant police officers were without probable cause and were conducted with malice.

27. The Plaintiff experienced severe pain from his injuries for several weeks after the arrest.

28. The Plaintiff was deeply embarrassed and humiliated by the experience.

29. As a result of the foregoing, the Plaintiff sustained inter alia, pain, suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of their residence, loss of use and enjoyment of their property, incurred monetary costs, and deprivation of their constitutional rights.

<u>COUNT I</u>

<u>MONELL CLAIM</u>

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

31. On information and belief, prior to and including June 18, 2014, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

32. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

33. On information and belief, it was the policy and/custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause them injury and violate their state and federal constitutional rights.

34. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.  Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

35. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or

sanctioned but would be tolerated.

36. The above described policies and customs demonstrated a deliberate indifference on the part

of the policymakers of the City of New York to the state and federal constitutional rights of

persons within the City and were the cause of the violations of the Plaintiff's rights

guaranteed under the First, Fourth, and Fourteenth Amendments of the United States

Constitution, and under 42 U.S.C. 1981.

37. The conduct and negligence of the defendant City of New York and its Police Department

were the direct and proximate cause of the injuries and claims damages under 42 U.S.C.

1983 for the aforesaid injuries.

COUNT II
VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the

foregoing paragraphs with the same force and effect as if fully set forth herein.

39.    All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of law.

40.    All of the aforementioned acts deprived Plaintiff DONOVAN TAN of rights,

privileges and immunities guaranteed to citizens of the Untied States by the Constitution of the

Untied States of America and in violation of 42 U.S.C. 1983.

41.    The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with all the actual and/or apparent authority

attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices,

6

procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking officers of said department.

43.    Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

COUNT III
EXCESSIVE USE OF FORCE UNDER 42 USC 1983

44.    Plaintiff repeats, reiterates and realleges each and every allegation contained in  the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

45.    The beating of Plaintiff by Defendants constituted unreasonable and excessive force by police officers. Such actions were intentional, malicious, negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions, and failed to prevent same and breached their duty. This summary punishment was in violation of Plaintiff's rights as guaranteed under the United States Constitution.

46.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of federal laws, Plaintiff was seriously  injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

47.    That by reason of the foregoing, Plaintiff suffers  and  continues  to  suffer irreparable injury.

COUNT IV

7

## FALSE ARREST UNDER 42 U.S.C. 1983

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

49.    As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

50.    As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## COUNT V
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

52.    Defendants issued legal process to detain Plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

53.    Defendants' actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

54.    Defendants acted with intent to do harm to DONOVAN TAN without excuse or justification.

8

55.     As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

<u>COUNT VI</u>
<u>MUNICIPAL LIABILITY UNDER 42 USC 1983</u>

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

57.     The actions and conduct of the Defendant officers, individually and collectively and independent of each other and together collectively, violated rights guaranteed to the Plaintiff under the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

58.     On information and belief, prior to and including the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.  In addition, there the City of New York had a policy and practice of overly aggressive policing in and around NYCHA housing developments.

59.     On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct; and acts of misconduct were instead tolerated by the City of New York.

60.     On information and belief, it was the policy and/custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers,

including the Defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the Defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff; and otherwise cause him injury and violate his state and federal constitutional rights.

61.     On information and belief, the Defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the Defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.

62.     Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

63.     As a result of the above described policies and customs, police officers of the City of New York, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

64.     The above described policies, practices, and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal guaranteed constitutional and statutory rights of persons within the City.

65.     The above described policies and practices and customs propelled the actions and conduct of the Defendant police officers.

66.     The Plaintiff was unlawfully stopped and detained and falsely arrested and subjected to malicious prosecution and to the malicious abuse of criminal process and to retaliation and to

excessive and unreasonable and unnecessary force and excessive and unreasonable conditions of his stops, detentions, and custodial arrests.

67.     The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First,  Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

68.     The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.

69.     The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

70.     The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

71.     When the City of New York represents its Officers in federal civil rights litigations alleging unconstitutional actions by its officers (which is almost always the case in 99.99 percent if not more of the situations where an Officer seeks representation), it is believed that it ordinarily and uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

72.     It is believed that the Officer-employee executes a retainer indemnification and representation letter which requires the Officer-employee, in return for indemnification, to subordinate his or her interests to the interest of his/her employer and indemnifier –the Defendant City of New York.

73.     It is believed, moreover, that, when a judgment is obtained against a New York City Police Officers for an Officer's violation of an individual's federally guaranteed Constitutional and civil rights and where the Officer has been represented by the New York City Attorney's Office and where the City of New York has paid the judgment of damages (compensatory and/or punitive

11

damages), the Officer almost never has been subjected to a New York City Police Department disciplinary hearing and/or the imposition of discipline; and it is believed that, when a settlement has been made in such a litigation, the Officer ordinarily is never even informed of such.

74.     It is believed, moreover, that when a judgment is obtained against a New York City Police Officer being represented by the New York City's attorney office for the violation of an individual's constitutional and civil rights, the City of New York takes no action whatsoever to address such and discipline and/or train-retrain the Officer in any form or fashion for his or her unlawful and unconstitutional conduct and/or that the City does not change those policies and practices that propelled said conduct.

75.     The City of New York is, under the circumstances, the real party in interest.

76.     The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

77.     Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

78.     The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers *under the federal claim jurisdiction* pursuant to the doctrine of *respondeat superior*.

79.     The Plaintiff suffered injuries and damages.

80.     WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

      [a] Invoke the jurisdiction of this Court.

12

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

PRAYERS FOR RELIEF

81. WHEREFORE, Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

82. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by Mr. Tan as a result of the events alleged herein.

83. Punitive damages against the Individual Defendants in the amount to be determined at trial.

84. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

85. Such other further relief as the Court may deem appropriate.


Dated:  New York, NY
        August 1, 2016

                                      By:      _____/s/_____
                                               Sophia Solovyova, Esq.
                                               Attorney for the Plaintiff
                                               65 Broadway, Suite 734
                                               New York, NY 10006
                                               (212) 379-6471